UNITED STATES of America

v.

HAWKINS COUNTY,
TENNESSEE, et al.

No. CIV–2–84–35.

United States District Court,
E.D. Tennessee,
Northeastern Division.

April 5, 1985.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., John McCarthy, Dick Correa, Dept. of Justice, Tax Div., Washington, D.C., for the U.S.

Phillip L. Boyd, Rogersville, Tenn., George John Keto, Alvord & Alvord, Washington, D.C., William B. Hubbard, Chief Deputy Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## MEMORANDUM AND ORDER

HULL, Chief Judge.

The plaintiff, United States of America, has moved for summary judgment in the above-styled action pursuant to Rule 56, Federal Rules of Civil Procedure. The United States seeks declaratory and injunctive relief invalidating the assessment of a state *ad valorem* real property tax on a government contractor, the Holston Defense Corporation (Holston), which operates the Holston Army Ammunitions Plant for the U.S. Army Armament Material Readiness Command. Plaintiff takes the position that its contract with Holston creates no real property interest in Holston and that, therefore, the imposition of any *ad valorem* tax would constitute a violation of the Supremacy Clause of the United States. In attempting to impose the *ad valorem* real property tax, defendants take the position that Holston, under its contract with the government, is the owner of a leasehold interest which is taxable pursuant to T.C.A. § 67–5–501 *et seq.*

This matter was referred to the United States Magistrate for a report and recommendation regarding the disposition by the District Court of the plaintiff's summary judgment motion. The Magistrate found that under the contract between the government and Holston, Holston has no real property interest and that, therefore, Holston has no taxable interest, pursuant to T.C.A. § 67–5–501, *et seq*, in the Holston Army Ammunitions Plant. Accordingly, the Magistrate recommended that plaintiff's motion for summary judgment be granted.[1]

The defendant Hawkins County has filed timely objections to the Magistrate's report and recommendation. It contends that the Magistrate's reliance on *United States v. Anderson County, Tennessee,* 575 F.Supp. 574 (E.D.Tenn.1983) is mistaken both because Union Carbide's contract can be distinguished from Holston's and because the district court did not have all the facts now available when it determined that Union Carbide had a "mere license" to enter government property and perform its contract. Defendant asserts that Holston's interest has more of the attributes of a lease than those of a license and that material issues of fact remain in dispute making summary disposition of this action inappropriate.

The Court has carefully reviewed the entire record in this case including the objections of the defendant Hawkins County to the Magistrate's report[2] and finds that the Magistrate's report and recommenda-

---

1. In light of the finding that Holston has no real property interest in the plant and that, therefore, Holston has no interest in the plant which is taxable under T.C.A. § 67–5–501 *et seq.,* the Magistrate did not address the issue of whether the imposition of an *ad valorem* real property tax on any real property interest of Holston's in the plant violates the Supremacy Clause of the United States Constitution. For the same reasons listed by the Magistrate, this Court also finds it unnecessary to address this issue.

2. It should be noted that the Court held a hearing on the summary judgment motion on Wednesday, March 13, 1985. After hearing argument by counsel for the parties, the Court took the matter under advisement. This memorandum and order is the Court's ruling on the summary judgment motion.

tion is well reasoned. Accordingly, the Court hereby adopts the report and recommendation of the United States Magistrate.

The Court's finding that Holston has no real property interest in the Holston Army Ammunitions Plant under its contract with the government is determinative of the case. As noted by the Magistrate, several factors combine to support the finding that Holston has no real property interest in the plant. Those factors are: (1) Holston pays no rent; (2) the use which Holston is allowed is limited to producing explosives for the government in accordance with the contract provisions; (3) Holston may not alienate or assign its interest; (4) the government may terminate the relationship at any time; and (5) Holston does not have exclusive possession: the government may enter or leave the premises as it wishes. The Court recognizes that there may be instances in which a lease exists which does not require the lessee to pay rent; which allows the lessor to terminate at will; which does not allow the lessee to convey or assign his interest; or which does not give exclusive possession to the lessee. The Court finds, however, that the combination of all of these factors in one contract supports the finding that the contract does not create a leasehold interest. Moreover, the Court finds most persuasive the fact that the use which Holston is allowed by the government under the contract is limited to producing explosives for the government in accordance with the provisions of the contract. No other use is allowed to Holston; it cannot use the plant to produce other products for public consumption. This use is of a highly restricted nature, solely for the benefit of the government. The plant is used exclusively for the governmental purpose of producing explosives for the government; the government retains the total freehold interest in the property.

Accordingly, for the reasons cited herein and for the reasons cited by the United States Magistrate in his report and recommendation, it is ORDERED that the plaintiff United States of America's motion for summary judgment is hereby GRANTED and that the defendants are hereby ENJOINED from further efforts to levy, assess, and collect *ad valorem* real property taxes on the property at issue in this case.